United States District Court
Southern District of Texas
**ENTERED**
April 22, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HECTOR BALCACER, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-CV-03840 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| SAM'S EAST CLUB INC | § | |
| dba SAM'S CLUB, | § | |
| Defendant. | § | |

## ORDER

Before the Court is a letter request from Plaintiff Hector Balcacer for permission to file a motion to quash and for protection from Defendant Sam's Club's discovery requests. Dkt 18. Sam's Club filed a response letter. Dkt 20.

Balcacer's request is granted in part and denied in part.

1. Background

This case results from injuries Balcacer allegedly suffered following the collapse of a display chair at one of Sam's Club's stores. The parties are in the midst of discovery.

Sam's Club has requested that Balcacer produce medical records from fifteen of his healthcare providers and served thirty-five depositions by written questions on them comprised of approximately ten short answer or yes/no questions. Sam's Club has also served a subpoena to Balcacer's employer Home Depot for payroll and personnel records.

Balcacer seeks protection from each of these. The Court held a telephonic hearing on this dispute on March 11, 2020.

2.   Legal standard

Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Fifth Circuit holds that discovery requests are *relevant* when they "seek admissible evidence or evidence that is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v Royal Dutch Petroleum Co*, 392 F3d 812, 820 (5th Cir 2004) (citations and quotation marks omitted).

Rule 26(b)(2)(C) dictates that the district court must limit the frequency or extent of discovery in three circumstances:

o   When the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

o   When the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

o   When the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(c) allows the Court to grant protective orders that limit the extent and manner of discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order

2

must show good cause and a specific need for protection. *In re Terra International Inc*, 134 F3d 302, 306 (5th Cir 1998). In analyzing a request for a protective order, the court must compare burden and benefit—the hardship borne by the party complying with the discovery versus the probative value gained by the opponent obtaining the information. *Cazorla v Koch Foods of Mississippi LLC*, 838 F3d 540, 555 (5th Cir 2016).

District courts have broad discretion in determining whether to grant a protective order. *In re LeBlanc*, 559 F App'x 389, 392–93 (5th Cir 2014).

3.    Analysis

*As to Sam's Club's request for medical records.* Balcacer seeks protection from Sam's Club's request for medical records from fifteen of his healthcare providers. Balcacer has already produced medical records from twelve of the fifteen designated healthcare providers. And he notes that he is still receiving records from the last three providers, "which shall be produced upon receipt." Dkt 18 at 2.

The Court finds this request to be largely moot. Balcacer has either already produced or agreed to produce the records. To the extent Balcacer has not yet produced the medical records from the three remaining healthcare providers, the Court orders him to do so once received.

*As to Sam's Club's depositions by written questions.* Sam's Club has issued thirty-five depositions by written questions on fifteen healthcare providers. It asserts that Balcacer has placed his medical condition at issue in this case, and so it is entitled to determine the extent of any previous injuries, surgeries, and medical claims he received and filed prior to the subject incident. As to the overall number, Sam's Club explained at hearing that it must issue separate deposition notices to different departments of the same healthcare provider. It also argues that each notice is of marginal burden, comprised of only ten questions requiring either a yes/no or short answer.

Balcacer asserts that these depositions are burdensome and violate the ten-deposition limit set out in Federal Rule of Civil Procedure 31. It also argues that the depositions are not limited to a specific time period and thus are overbroad.

3

The Court finds Balcacer has squarely put his medical condition at issue in this lawsuit. Sam's Club is entitled to seek medical information relating to his recent and any past injuries. The number of depositions is reasonably explained, and the burden as to each notice is minimal. The Court grants Sam's Club leave to exceed the ten-deposition limit in this circumstance.

But the Court also finds that Sam's Club's notices are overbroad to the extent they are not limited by time. Balcacer indicated agreement at hearing to a limitation of these depositions to the seven-year time period immediately preceding the subject injury. This is a reasonable limitation. Sam's Club can sufficiently evaluate any preexisting causes to Balcacer's health issues by an examination of his medical records from seven years prior to the date of the alleged injuries he incurred in the subject incident. See *Cummins v Lollar*, 2015 WL 12731746, *2 (ND Tex).

*As to Sam's Club's subpoena to Home Depot.* Home Depot is Balcacer's current employer. Sam's Club issued a subpoena to Home Depot seeking Balcacer's payroll and personnel records. It has since withdrawn its request for payroll records.

Balcacer asserts that the subpoena is unrelated to the events and circumstances at issue and has no "justifiable legal basis." Dkt 18 at 2. Sam's Club responds that his personnel records will address the severity of his physical impairment, any limitations on his physical ability to work, and whether he missed any time from work. Dkt 20 at 1. Sam's Club also describes an incident where Balcacer was hit in the eye at Home Depot. It seeks the personnel records from Home Depot to further examine this incident and to discover whether this incident could have caused Balcacer's memory issues.

Good cause exists to enter a protective order with respect to Sam's Club's subpoena on Home Depot. At the hearing, Balcacer stipulated that he would not seek lost wages or loss of earning capacity in this case. And the Court ordered that no such claim for relief will be hereafter permitted. Given this stipulation, discovery regarding lost wages or loss of earning capacity is outside the scope permitted by Rule 26(b)(1).

The comparative burden on Balcacer and Home Depot against the probative value of the information to Sam's Club also

warrants a protective order. To the extent Sam's Club seeks the
personnel records to further examine the incident that caused
Balcacer's eye injury, medical records are sufficient and more
appropriate. Balcacer has already agreed to produce these, and
these medical records will disclose information regarding this
injury, including the severity of his physical impairment.

    4.  Conclusion

Balcacer's request is GRANTED IN PART and DENIED IN
PART.

Balcacer's request for protection from Sam's Club's request
for medical records is DENIED. The Court ORDERS that Balcacer
must produce his medical records from the three remaining
healthcare providers.

Balcacers's request for protection from Sam's Club's
depositions by written questions is GRANTED IN PART and
DENIED IN PART. The Court ORDERS that the pending
depositions by written questions on the fifteen healthcare
providers are limited to medical records that are dated not more
than seven years prior to the date of the subject incident on
October 30, 2017.

Balcacer's request for protection from Sam's Club's
subpoena to Home Depot is GRANTED.

SO ORDERED.

Signed on April 22, 2020, at Houston, Texas.

_Chs R Eskridge II_

Hon. Charles Eskridge
United States District Judge